PEOPLE'S SAVINGS BANK vs. BENJAMIN TRIPP, City Treasurer of the City of Providence.

Gen. Stat. R. I. cap. 41, § 7 provide, "If any person is taxed for several parcels of real estate, or for personal and real estate in the same tax, the whole of such person's tax may be collected, either out of the real or personal estate, or any part thereof : *Provided*, that no land aliened shall be sold, if the person taxed have other sufficient property."

*Held*, that a mortgage is not an alienation within the meaning of this section so long as the mortgagor remains in possession.

A statute in force when a contract is made cannot be considered as impairing the obligation of the contract, as the contract must be subject to the statute.

Nor can a mortgagee who takes his mortgage while a statute is in force permitting mortgaged estates to be sold for the mortgagor's taxes avoid the statute as unconstitutional, because allowing private property to be taken for public uses without compensation.

An injunction will not lie against a tax collector to prevent a mode of levy authorized by statute because some other mode may be more equitable.

A tax is a privileged lien and will not be marshalled by a court of equity with other liens.

BILL IN EQUITY for an injunction.   On demurrer to the bill.

*February* 18, 1882.   DURFEE, C. J.   The bill alleges that the complainant is the owner of several mortgages of real estate in the city of Providence, made prior to 1878, by three different persons ; that the mortgagors have each of them other real estate in the city ; that taxes were assessed on all said real estate in the year 1878, by the assessors of taxes of said city ; that the whole tax of each of the mortgagors has been levied on that portion of his real estate which is under mortgage to the complainant, and that the defendant Tripp, who is both city treasurer and collector of taxes, has advertised said mortgaged estate for sale for the payment of said taxes.   The bill also alleges that the complainant has offered and does offer to pay the taxes assessed on the mortgaged estates respectively, and that the collector refuses to accept the payment, and declares that he will proceed with the sales unless the complainant will pay the whole tax of each mortgagor respectively.   The bill prays that the sale may be enjoined, and that the levy may be declared illegal and void and be annulled.   The defendant Tripp demurs to the bill.

The complainant contends that the levy was not authorized by the statute.   The statute, Gen. Stat. R. I. cap. 41, § 7, however,

provides that if any person is taxed in the same tax for several parcels of land, or for land and personalty, the whole tax may be collected either out of the real or personal estate, or any part thereof, provided that no land *aliened* shall be sold, if the person taxed have other sufficient property; and we are of the opinion that an estate, which is merely mortgaged, is not, so long as the mortgagor remains in possession, "aliened" within the meaning of the word as used in the statute. The same word is used in § 3 of the same chapter, where it very clearly means more than mortgaged; and in Gen. Stat. R. I. cap. 39, § 5, it is expressly enacted that "the mortgagor shall be deemed to be the owner of mortgaged real estate, so long as the same is in his possession." We think, therefore, that the complainant's first point is not tenable.

The complainant contends that if the levy and sale are authorized, the statute authorizing them is unconstitutional, as impairing the obligation of contracts and as taking private property for public use without compensation. We do not think this position can be maintained. The statute, or one in the same words, was in force when the mortgages were severally taken, and they were, therefore, taken subject to it. It is only when the contract precedes the law, that the law can impair its obligation; when the law comes first, it enters into the contract, modifying the obligation from the outset, and therefore cannot impair it by simply being enforced. And the same principle applies to the second objection. The mortgagee took his mortgage subject to the liability of having the estate sold for the taxes of the mortgagor, the liability thus qualifying his estate, and therefore cannot justly maintain that *his* property is taken, because the liability is enforced.

The complainant contends that the collector ought to be enjoined because the levy and sale are inequitable and unfair. But in our opinion we cannot enjoin him merely because we think he might adopt a mode which would be fairer and more equitable, if the mode he is pursuing is authorized by the statute. The collector is an officer of the government, and has as much right as the court to use his own judgment in the execution of his office. It is only when the tax is illegal, or is being illegally collected, that the courts, which go furthest, grant an injunction.

The complainant contends that the court has jurisdiction because the tax, being a lien, the court can marshall it in connection with the mortgages, and ought to do so for its protection. It is true the tax is a lien, but as a lien it is *sui generis,* being compulsory and paramount to all other liens, and, in our opinion, it is privileged from marshalling, through any restraint of the collector, by reason of its absolute and peremptory character. If it were marshallable, there would be no end to the trouble which a collector, having numerous taxes to collect, would have to take to avoid litigation, and no end to the litigation in which, after all his trouble, he would be involved.                    *Demurrer sustained.*

*Rollin Mathewson,* for complainant.

*Nicholas Van Slyck & Stephen A. Cooke, Jr.,* City Solicitors, for respondent.